MELISSA GRAMLISCH,                   )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        No. 1:05 CV 62 DDN
                                     )
JO ANNE B. BARNHART,                 )
Commissioner of                      )
Social Security,                     )
                                     )
            Defendant.               )

## MEMORANDUM

This action is before the court for judicial review of the final decision of defendant Commissioner of Social Security denying the application of plaintiff Melissa Gramlisch for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 7.)

## 1. Background

On July 15, 2003, plaintiff applied for disability benefits. She alleged she became disabled on October 18, 2002, at the age of 33, because of arthritis in both thumbs, diabetic neuropathy in her feet and legs, congenital defect of the pulmonary valve, diabetes, sleep apnea, abnormal thyroid, pinched nerve in her pelvic and hip area, high blood pressure, seasonal allergies, and a heart murmur. (Doc. 55-57, 88.)

Following an evidentiary hearing on October 6, 2004, an administrative law judge (ALJ) denied benefits. (Tr. 12-20.) Because the Appeals Council denied review of the ALJ's decision, it became the final decision of the Commissioner for review in this action.

## 2. General Legal Principles

The court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir.

2006). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Id. In determining whether the evidence is substantial, the court considers evidence that detracts from, as well as supports, the Commissioner's decision. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). So long as substantial evidence supports that decision, the court may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to disability benefits, a claimant must prove he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment which would either result in death or which has lasted or could be expected to last for at least 12 months. See 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(A), 1382c(a)(3)(A). A five-step regulatory framework governs the evaluation of disability in general. See 20 C.F.R. §§ 404.1520, 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987) (describing the five-step process); Fastner v. Barnhart, 324 F.3d 981, 983-84 (8th Cir. 2003). If the Commissioner finds that a claimant is disabled or not disabled at any step, a decision is made and the next step is not reached. 20 C.F.R. § 404.1520(a)(4).

Here, the ALJ determined that plaintiff was unable to perform her past relevant work, but she did retain the RFC to perform a significant range of light work. Therefore, the burden shifts to the Commissioner to show that plaintiff can perform other relevant work in the national economy. Goff v. Barnhart, 421 F.2d 785, 790 (8th Cir. 2005).

### 3. The ALJ's decision

In his decision denying benefits, the ALJ found that plaintiff's diabetes with mild neuropathy in the lower extremities, congenital heart valve defect, and osteoarthritis of the thumbs are "severe" impairments based on the requirements in 20 C.F.R. § 404.1520(c). Plaintiff did not meet or equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 19.)

The ALJ did not find plaintiff's subjective complaints credible, and determined that she retained the RFC to perform light work that would require only occasional balancing, climbing, stooping, kneeling, crouching, and crawling.  He found she could not perform work that would require repetitive use of her thumbs and that she should avoid heights and moving machinery.

He found that she was unable to perform her past relevant work. Considering that she was a younger individual with a high school education with no transferable skills, she could perform a wide range of light work.  The ALJ used Medical-Vocational Rule 202.21 as a framework for his decision.  He found that plaintiff was not disabled.

### 4.  Plaintiff's Grounds for Relief

Plaintiff argues that the decision of the ALJ is not supported by substantial evidence.  Specifically, she argues that (1) the ALJ failed to properly consider her subjective complaints of pain; and (2) the RFC attributed to plaintiff by the ALJ was not supported by the medical evidence.  (Doc. 17 at 23.)

### 5.  Discussion

#### a.  Ground 1: Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ's determination of her credibility was not in accord with the factors stated in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  She argues that the ALJ did not give proper weight to her testimony when determining her RFC.

"The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians . . . ." Polaski, 739 F.2d at 1322. Factors to be considered include the claimant's daily activities, the duration, frequency, and intensity of the pain, any precipitating factors, whether the claimant has been taking pain medication and the dose, and functional restrictions.  Id.; Depover v. Barnhart, 349 F.3d 563, 566 (8th Cir. 2003).  The ALJ may not discredit subjective complaints based solely on personal observation.  Polaski, 739 F.2d at

1322.  "Subjective complaints may be discounted if there are inconsistencies in the record as a whole." Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000).  "An ALJ who rejects such complaints must make an express credibility determination explaining the reasons for discrediting the complaints." Id. at 452.

Here, the ALJ did not give any reason for discrediting the subjective complaints of plaintiff.  Not only does he not cite Polaski, he does not use the factors set forth therein to make a determination why her subjective complaints are not credible.  At most, he mentions she is able to do gross and fine manipulations with her hands because of her ability to do housework, put in contact lenses, and give herself insulin injections, and that her testimony that her heart valves leak is not supported by medical tests.  (Tr. 17.)  However, the ALJ does not mention her use of strong pain medication and medication for her neuropathy and thumbs,[1] or the restrictions of her doctors that she wear thumb splints daily.  (Tr. 129.)

Further, plaintiff's daily activities are not so great as to support the ALJ's decision to discredit her complaints.  The ability to do light housework should not preclude a finding of disability.  See Easter v. Bowen, 867 F.2d 1128, 1130 (8th Cir. 1989).  Here, plaintiff was told by her doctor to wear splints on her thumbs 24 hours every day, except when bathing.  (Tr. 129.)  The record does not show that her ability to do small amounts of housework would render her able to work a full-time job.  She testified that while she drove occasionally, it was difficult for her to do so because she had trouble gripping the steering wheel. (Tr. 271.)  Further, she reported that the injections [2]

_____

[1]On March 7, 2002, plaintiff was diagnosed with diabetic neuropathy and prescribed Neurontin, a medication used to treat nerve pain and diabetic neuropathy.  (Tr. 132.)  In addition, she was prescribed Celebrex and Vioxx, a medication used to relieve pain and swelling, for her thumbs. (Tr. 118, 129.)  In addition, plaintiff received injections in her thumbs for the pain.  (Tr. 143.)  Webmd.com/drugs.  (Last visited September 18, 2006.)

[2]Plaintiff received Depo-mederol and Lidocaine injections in her thumbs.  (Tr. 143.)  Depo-mederol is a steroid used for pain relief stemming from arthritis, and Lidocaine is used to numb an area.  Webmd.com/drugs.  (Last visited September 19, 2006.)

did not help the pain. Plaintiff repeatedly complained of being unable to open jars, tie her shoes, or fasten buttons. (Tr. 150, 188-93.)

Health care providers who treated plaintiff noted that she was unable to work due to her physical and emotional pain. Nurse Froemsdorf thought that plaintiff wanted to work, but was unable to do so. (Tr. 121.) Plaintiff testified that she suffered side effects from her neuropathy medication (Tr. 280),[3] and reported to doctors that some medication did not help her pain. (Tr. 118, 143.) The ALJ did not properly consider plaintiff's subjective complaints of pain in accordance with Polaski.

**b.  Ground 2: Plaintiff's Residual Functional Capacity**

Plaintiff argues that the RFC attributed to the plaintiff by the ALJ is not based on any medical evidence and is too vague, incomplete, and not supported by specific evidence on the record.

The RFC is "the most [a claimant] can still do despite" his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a). When determining plaintiff's RFC, the ALJ must consider "all relevant evidence" but ultimately, the determination of the plaintiff's RFC is a medical question. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). As such, the determination of plaintiff's ability to function in the workplace must be based on some medical evidence. Id.; see also Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000).

The ALJ described plaintiff's RFC as follows:

> perform light work that would require only occasional balancing, climbing, stooping, kneeling, crouching and crawling; work that would not require the repetitive use of the thumbs and work that would allow her to avoid heights and moving machinery.

(Tr. 17.)

The ALJ did not consider plaintiff's abilities to walk, sit, stand, or lift or carry items. Light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to

---

[3]Plaintiff testified that the Neurontin made her dizzy and the Elavil makes her drowsy. (Tr. 280.)

>    10 pounds. Even though the weight lifted may be very little,
>    a job is in this category when it requires a good deal of
>    walking or standing, or when it involves sitting most of the
>    time with some pushing and pulling of arm or leg controls.
>    To be considered capable of performing a full or wide range
>    of light work, you must have the ability to do substantially
>    all of these activities. If someone can do light work, we
>    determine that he or she can also do sedentary work, unless
>    there are additional limiting factors such as loss of fine
>    dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). Since light work requires an ability to lift up to 20 pounds and 10 pounds frequently, as well as a "good deal of walking or standing" it was important for the ALJ to determine plaintiff's ability to do those things. He does not discuss her abilities in these areas.

Plaintiff also argues that the ALJ discredited, or does not discuss at all, the opinion of treating nurse practitioner Froemsdorf. When determining the RFC, "[t]he opinions of the claimant's treating physicians are entitled to controlling weight if they are supported by and not inconsistent with the substantial medical evidence in the record." Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). "Such opinions are given less weight if they are inconsistent with the record as a whole or if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data." Id.; Singh v. Apfel, 222 F.3d at 452. "By contrast, '[t]he opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence.'" Singh, 222 F.3d at 452 (quoting Kelley v. Carnahan, 133 F.3d 583, 589 (8th Cir. 1998)). The ALJ must set forth its reasons for the weight given to a treating physician's assessment. Singh, 222 F.3d at 452.

Nurse Froemsdorf, while not a treating *physician*, did treat plaintiff on many occasions. Her opinions are other evidence to be considered on the record as a whole. Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003). On August 8, 2002, Froemsdorf told plaintiff to wear her thumb splints daily. On September 16, 2003, she said consideration was to be given to plaintiff being disabled. (Tr. 252-53.) She had noted plaintiff wanted to work but was unable to do so because of pain from her multiple conditions. (Tr. 121.) The ALJ does

not mention the opinions and treatment records completed by nurse Froemsdorf. Nor does he discredit the opinion that plaintiff was to wear her splints daily.

Further, there is medical evidence on the record that suggests she is not able to sustain light work. She experiences diabetic neuropathy in her legs, which plaintiff complains makes it difficult to walk. (Tr. 116-17, 121, 132, 252-53.) She was required by her doctors to wear splints on her thumbs daily. (Tr. 129.) Plaintiff was diagnosed with severe arthritis in her thumbs (Tr. 128) and received Depo-medrol and Lidocaine injections for the pain. (Tr. 143.) The ALJ notes that she should avoid repetitive movements in her thumbs, but does not explain how she will be able to sustain a position, full-time, that requires either the use of her thumbs for a sustained period, or the ability to walk or stand for a good deal of time.

Therefore,

For the reasons set forth above, the decision of the Commissioner of Social Security is reversed under Sentence 4 of 42 U.S.C. § 405(g) and remanded to the Commissioner for further proceedings. On remand, the ALJ shall provide good reasons for discrediting the subjective complaints of plaintiff and clarify plaintiff's RFC.

An appropriate order is issued herewith.


_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**


Signed on September 22, 2006.